Secrest, Appellee, v. The Standard Oil Co., Appellant.

(No. 6939—Decided February 13, 1963.)

*Messrs. Lane, Huggard & Alton* and *Mr. Gerald S. Dennis,* for appellee.
*Messrs. McAfee, Hanning, Newcomer & Hazlett* and *Mr. George J. Dunn,* for appellant.

Duffey, J. This is an appeal from an order of the Common Pleas Court of Franklin County dismissing a counterclaim. Plaintiff-appellee brought a negligence action for personal injuries and property damage arising out of an explosion at his gasoline service station. Appellant filed a counterclaim alleging a prior contract between it and appellee as dealer. The contract allegedly contained an indemnity or exculpatory provision. A dispute was alleged as to the scope of this provision as applied to the pending negligence action of the plaintiff, and also as to a claim by another person against the appellant arising out of the same explosion. The counterclaim prayed for a declaration of the rights and obligations of the parties under the contract. The court sustained a demurrer and dismissed the counterclaim. On the dismissal see *Green* v. *Ryan* (1953), 95 Ohio App., 345.

Appellee contends that the counterclaim presented only new matter which properly should be set up as an affirmative defense and that it cannot stand as a counterclaim.

It is apparent that the counterclaim here fits all the require-

ments for a declaratory judgment action. A bona fide dispute is alleged involving the interpretation of a contract. As we understand it, appellee has conceded that had the declaratory judgment action been filed first it would have been a proper action. It also complies with the requirements of the counterclaim statute, Section 2309.16, Revised Code. The claim could be considered as "connected with the subject of the action," and in any event it is one "arising out of contract." The counterclaim statute permits the assertion of any contract claim regardless of the fact that the principal action was in tort, and even though the contract did not arise out of the same transaction or was not connected with the subject of the action. 14 Ohio Jurisprudence (2d), 139, Counterclaim, Section 27; 8th Report of the Judicial Council (1947), at page 16. In this respect, the first paragraph of Section 2309.16, Revised Code, should be contrasted with the wrongful death provision of the third paragraph which does not contain the "contract" clause.

However, a counterclaim cannot be used to set up a cause of action which is already pending between the parties. See Section 2309.22 (C), Revised Code. Nor can issues already pending between parties be the subject of a counterclaim in declaratory judgment. See, for example, *Price* v. *Dempsey* (1941), 68 Ohio App., 136. A declaratory judgment cannot be used to determine the sufficiency of legal defenses which have been or can be asserted in a pending action. A typical example is a defense of confession and avoidance by the assertion of a release. See *Royal Indemnity Co.* v. *McFadden* (1940), 65 Ohio App., 15.

A defense generally refers to that which is offered to defeat an action by denying, justifying, or confessing and avoiding the plaintiff's cause of action. It goes to the plaintiff's right and generally would not be considered an independent claim existing against the plaintiff. See 14 Ohio Jurisprudence (2d), 117, Counterclaim, Section 3. In the present case, the defendant's counterclaim, in effect, assumes liability and asserts a contract claim which would operate as a setoff or recoupment. The present case is thus quite distinguishable from *Royal Indemnity Company*. For the same reasons, *Videtto* v. *Marsh* (1960), 112 Ohio App., 151, is not in point.

A closer analogy to the present case is a covenant not to

sue. In theory, such a covenant is a separate contract. Originally, it was not considered as a bar. However, in more recent years the desire to avoid circuity of action has led to the acceptance of pleading such a covenant as a defense. See 45 American Jurisprudence, 676, Release, Section 3, and *Bacik, Admr.,* v. *Weaver, Admr.* (1962), 173 Ohio St., 214.

While the contract here might be considered as a defense to be set up in the answer, we think it permissible to counterclaim in declaratory judgment in cases such as the present one. A similar counterclaim procedure was used in *Kay* v. *Pennsylvania Rd. Co.* (1952), 156 Ohio St., 503. (Plaintiff there brought a personal injury action against two defendants. One defendant counterclaimed against the other for a declaratory judgment based on an indemnity contract.) The use of declaratory judgment in the present case will not interfere with the determination of any factual issues in the negligence action. It presents only separate and distinct issues. In our opinion, the counterclaim procedure provides a greater protection to the defendant against the possibility of an unnecessary preparation for, and trial of, the negligence action.

The judgment of the Common Pleas Court is reversed and the case is remanded for further proceedings according to law.

*Judgment reversed.*

Bryant, J., concurs.
Duffy, P. J., dissents.