POWELL et al., Appellants,

v.

VORYS, SATER, SEYMOUR & PEASE, Appellee.

[Cite as *Powell v. Vorys, Sater, Seymour & Pease* (1998), 131 Ohio App.3d 681.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–43.

Decided Dec. 3, 1998.

*Mazer & Company, L.P.A.,* and *Bernard D. Mazer,* for appellants.

*Kegler, Brown, Hill & Ritter, R. Douglas Wrightsel* and *Christopher J. Weber,* for appellee.

PETREE, Judge.

Plaintiffs, Mary Anne Prescott Powell, Vera Dole, and Virginia Scardino, appeal from a judgment of the Franklin County Court of Common Pleas that granted the Civ.R. 12(B)(6) motion to dismiss filed by defendant law firm, Vorys, Sater, Seymour & Pease.

On September 29, 1997, plaintiffs, as beneficiaries of two testamentary trusts, filed the instant complaint against defendant, alleging causes of action for legal malpractice, conflict of interest, and fraud stemming from defendant's legal representation in connection with the acquisition of certain trust property. Defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). In its motion, defendant alleged that (1) plaintiffs' current action was filed more than one year after the date on which plaintiffs filed a voluntary dismissal of a previously filed action involving the same parties and issues, and thus, was not timely commenced under R.C. 2305.19, the savings statute, and (2) the trial court had already determined that plaintiffs' claims were barred by the one-year statute of limitations for legal malpractice claims, R.C. 2305.11(A). Attached to the motion to dismiss was, *inter alia,* a copy of the trial court's August 21, 1996 decision granting defendant's motion for summary judgment in the previously filed action on the basis that plaintiffs' claims were barred by the statute of limitations for legal malpractice claims, R.C. 2305.11(A), as well as a copy of plaintiffs' August 29, 1996 Civ.R. 41(A)(1) voluntary dismissal of the previously filed action.

On December 2, 1997, the trial court granted defendant's motion to dismiss, finding, in pertinent part, as follows:

"In the present case, the Plaintiff's [*sic*] filed a voluntary dismissal on August 29, 1996. More than one year later, on September 29, 1997, the Plaintiff's [*sic*] refiled this malpractice action. The only defense for going against O.R.C. 2305.19

the Plaintiff's [*sic*] can offer is that because the Defendant represented the Trusts until at least May, 1997, the original statute of limitations has not run and thus the savings statute does not apply. The Court finds this argument wholly without merit. The Court has already ruled that the Defendant did not represent the Trusts past September 1988. The Defendants [*sic*] state that they did not represent the Trusts until May, 1997. The Plaintiff [*sic*] offers no evidence to the contrary. The Plaintiff's [*sic*] have re-filed this action after the one year limitation found in O.R.C. 2305.19. Accordingly, Defendant's Motion to Dismiss is well-taken and is GRANTED."

The trial court journalized its decision by entry dated December 29, 1997. Plaintiffs have appealed and advance a single assignment of error:

"The trial court erred in granting the appellee's motion to dismiss."

By the assignment of error, plaintiffs contend that the trial court erred in granting defendant's motion to dismiss.

"A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378, 381. In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint. *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098, 1100.

When a motion to dismiss presents matters outside the pleadings, the trial court may either exclude the extraneous matter from its consideration or treat the motion as one for summary judgment and dispose of it pursuant to Civ.R. 56.[1] However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and thus dispose of it without giving notice to the parties of its intent to do so and fully complying

---

1. Civ.R. 12(B) provides, in relevant part:

 "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."

with Civ.R. 12(B) and Civ.R. 56 in its considerations. Civ.R. 12(B); *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. Applying these principles to the case before us, we find that the court's judgment of dismissal cannot be upheld either as a dismissal under Civ.R. 12(B)(6) or as a valid summary judgment under Civ.R. 56.

 The trial court's judgment fails as a dismissal under Civ.R. 12(B)(6) because the court clearly considered and relied upon matters outside the pleadings in reaching its decision. The trial court expressly referred to its August 21, 1996 decision granting defendant's motion for summary judgment in the previously filed action, as well as plaintiffs' Civ.R. 41(A)(1) voluntary dismissal of that action. There is no indication that the trial court notified the parties of its intention to convert the Civ.R. 12(B)(6) motion to a motion for summary judgment. Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791.

██ Furthermore, the evidence attached to defendant's motion was not of the form that may be used to support a motion for summary judgment. Under Civ.R. 56(C), only "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are permitted to support a motion for summary judgment. Civ.R. 56(C). The documents attached to defendant's motion to dismiss do not fit any of the categories listed in Civ.R. 56. No affidavits or authenticating testimony for these documents was attached to defendant's motion. Thus, none of defendant's evidence properly supports a motion for summary judgment. Therefore, the court could not have properly rendered its decision based on Civ.R. 56.

For the foregoing reasons, plaintiffs' assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for disposition in accordance with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

DESHLER, P.J., and BOWMAN, J., concur.