OPINION
{¶ 1} Appellant, Kipper J. Charles, appeals from the judgment of the Franklin County Court of Common Pleas that granted appellee's, Abitech Humko Corporation's: (1) motion to amend its answer; and (2) Civ.R. 12(B)(6) motion to dismiss appellant's July 15, 2003 complaint.
 {¶ 2} On July 15, 2003, appellant filed a complaint against appellee, James Conrad, former administrator for the Bureau of Workers' Compensation, and Abitech Humko Corporation (hereinafter "appellee"). Appellant indicated that he was re-filing the complaint, but did not state when he dismissed the previously filed complaint. Appellant also noted the following in the complaint. Appellant sustained injuries while working for appellee and filed a claim for compensation and benefits with appellee and the Bureau of Workers' Compensation. During the workers' compensation administrative process, the Industrial Commission ultimately allowed appellant's claim, and appellee appealed to the trial court the Industrial Commission's decision. Meanwhile, through the re-filed complaint, appellant sought "judgment against [appellee], and ask[ed] for the right to participate under the Workers' Compensation Act of Ohio[.]"
 {¶ 3} Appellee filed its answer on September 15, 2003. In the answer, appellee claimed that appellant's complaint failed "to state a cause of action upon which relief may be granted." Appellee also asserted that the trial court lacked jurisdiction to entertain appellant's claim. However, appellee did not elaborate on these defenses.
 {¶ 4} On December 8, 2004, the parties filed a "Stipulation and Agreed Statement of the Case[.]" In the agreed statement, the parties and trial court stipulated, in part, as follows. On December 11, 2000, appellant filed a complaint seeking to participate in the workers' compensation benefits program to obtain relief for injuries that he sustained while working for appellee. In the course of events, the Bureau of Workers' Compensation administrator stopped active participation in the case because appellee was self-insured. Next, on October 30, 2001, appellant voluntarily dismissed his complaint pursuant to Civ.R. 41(A). Appellant re-filed the complaint on July 15, 2003, and, on November 22, 2004, a jury trial ensued. Likewise, on November 22, 2004, appellee discovered that appellant had not re-filed his complaint "within the time provided by the savings statute, [R.C. 2305.19(A)], i.e., one year, from the date" that he voluntarily dismissed the case. As a result, appellant told appellee that he would dismiss the case, and the parties informed the trial court of the decision. The trial court then discharged the jury. On November 23, 2004, the parties again met with the trial court, and appellant argued that appellee waived the issue concerning the timeliness of appellant's re-filed complaint. The trial court suggested that the parties agree to a stipulated set of facts and "requested and essentially granted leave for [appellee] to file a Motion to Dismiss, Motion for Judgment, and whatever other relief defendant deemed appropriate in order to have all issues raised by both parties briefed for the Court." The trial court also indicated that the stipulation of facts "would serve as the written record in lieu of going back on the record in the Courtroom, since his court stenographer was unavailable, and this statement would also serve as the record in discharging the jury." Further, the parties agreed that the stipulation of facts would serve as a statement of the case pursuant to App.R. 9(D).
 {¶ 5} By February 9, 2005, appellee had not filed any motions that the trial court suggested. Thus, the trial court ordered appellant to show cause why it should not dismiss with prejudice the re-filed complaint for appellant's "failure to re-file his claim within one year" from the date that he voluntarily dismissed his original complaint. In response, on March 8, 2005, appellee filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for appellant's failure to state a claim upon which relief may be granted. Appellant also filed a Civ.R. 12(B)(1) motion to dismiss for lack of jurisdiction. In support of both motions, appellee argued that appellant failed to re-file his complaint in accordance with time constraints in the savings statute and statute of limitations. Appellee also moved to amend its answer to specify the defense pertaining to the savings statute and statute of limitations.
 {¶ 6} The trial court granted appellee's motion to amend its answer and deemed the answer "amended instanter" to include the savings statute and statute of limitations defense. The trial court also granted appellee's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. In dismissing appellant's re-filed complaint, the trial court recognized that appellant voluntarily dismissed his original complaint on October 30, 2001, and, more than one year later, on July 15, 2003, appellant re-filed the complaint. Thus, the trial court concluded that appellant re-filed the complaint outside the one-year provision in the savings statute. The trial court also concluded that "[i]t is further undisputed that the original statute of limitations for [appellant's] claim expired long before he re-filed the instant action."
 {¶ 7} Appellant appeals, raising two assignments of error:
ASSIGNMENT OF ERROR ONE
THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS.
ASSIGNMENT OF ERROR TWO
THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING APPELLEE LEAVE TO FILE AN AMENDED ANSWER.
 {¶ 8} We begin with appellant's second assignment of error. In his second assignment of error, appellant contends that the trial court erred by granting appellee leave to amend its answer with its defense that appellant failed to re-file his complaint within the time constraints of the savings statute and statute of limitations. We disagree.
 {¶ 9} Appellee's defense is primarily based on the savings statute, R.C. 2305.19(A), which states:
(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *
 {¶ 10} As expressed in R.C. 2305.19(A), a component of the savings statute issue is that the statute of limitations has expired. Therefore, in reviewing appellee's defense, we acknowledge that the savings statute and statute of limitations claims are related to the extent that the savings statute provides a plaintiff a limited period of time to re-file a dismissed claim that would otherwise be time-barred under the statute of limitations. See Internatl. Periodical Distrib. v. Bizmart, Inc.,95 Ohio St.3d 452, 2002-Ohio-2488, at ¶ 7.
 {¶ 11} The statute of limitations component of appellee's defense is covered under Civ.R. 8(C), which lists a statute of limitations claim as an affirmative defense. For the reasons noted below, we conclude that the savings statute component of appellee's defense is also covered under Civ.R. 8(C) even though Civ.R. 8(C) does not specifically denote a savings statute claim.
 {¶ 12} Civ.R. 8(C) is not an "exhaustive" list of affirmative defenses. Encore Mgt., Inc. v. Lakeview Realty, Inc. (Mar. 31, 1994), Cuyahoga App. No. 64784. Pursuant to Civ.R. 8(C), affirmative defenses also include any other matters constituting an "avoidance or affirmative defense." An "avoidance or affirmative defense" asserts "for pleading purposes only * * * some legal reason why the plaintiff cannot have any recovery" on an otherwise valid claim. ABN AMRO Mtge. Group v. Meyers,159 Ohio App.3d 608, 2005-Ohio-602, at ¶ 13, fn. 3. By raising the savings statute claim, appellee is asserting a "legal reason why the plaintiff cannot have any recovery" on an otherwise valid claim. Specifically, appellee argues that the trial court cannot entertain appellant's July 15, 2003 complaint because appellant failed to re-file the complaint within the savings statute one-year time limit.
 {¶ 13} Civ.R. 15(A) allows a party to raise a Civ.R. 8(C) affirmative defense in an amended answer. Jim's Steak House, Inc. v. Cleveland
(1998), 81 Ohio St.3d 18, 20. Under Civ.R. 15(A), a party may amend an answer once "as a matter of course" within 28 days after it is served, provided that the trial court has not placed the action on the trial calendar. Thereafter, the party may only amend the answer with the adverse party's written consent or after obtaining leave of court. Id. Here, appellee needed leave of court because it did not amend the answer within the requisite 28 days.
 {¶ 14} Under Civ.R. 15(A), "[l]eave of court shall be freely given when justice so requires." However, a trial court abuses its discretion in providing leave of court for an amended pleading if bad faith, undue delay or undue prejudice to the opposing party exists. Turner v. Cent.Local School Dist. (1999), 85 Ohio St.3d 95, 99; Hoover v. Sumlin
(1984), 12 Ohio St.3d 1, paragraph two of the syllabus, modified on other grounds in Jim's Steak House, Inc. at 20. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 15} We find no undue delay or bad faith from appellee's motion to amend, given that appellee sought the amendment after the trial court requested that appellee file "whatever * * * relief [appellee] deemed appropriate" to allow the trial court to address the re-filed complaint's timeliness. Likewise, we find no prejudice from the amendment because appellant "faced no obstacles by the amendment which [he] would not have faced had the original pleading raised the defense." Hoover at 6.
 {¶ 16} In further challenging the trial court's decision to allow appellee to amend its answer, appellant contends that appellee's savings statute and statute of limitations defense does not apply to the re-filed complaint. Accordingly, appellant argues that the trial court could not properly allow an amendment on the non-actionable defense.
 {¶ 17} In Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 123, the Ohio Supreme Court held that "where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading." Such a requirement ensures that a proposed amendment is not "`a delaying tactic, [or] one which would cause prejudice'" to the opposing party. Darby v. A-Best Products Co.,102 Ohio St.3d 410, 2004-Ohio-3720, at ¶ 20, quoting Wilmington SteelProducts, Inc. at 122. Thus, in Wilmington Steel Products, Inc., the Ohio Supreme Court concluded that a trial court did not abuse its discretion in denying a plaintiff's motion to amend its complaint to add a vicarious liability claim because the plaintiff "offered no argument whatsoever to show that it could support its new claim[.]" Id. at 123. Likewise, the Ohio Supreme Court concluded that a trial court did not abuse its discretion in denying a plaintiff's motion to amend its complaint to add a breach of contract claim because the plaintiff was "unwilling or unable to rebut" the defendant's contention that the claim lacked merit. Id.
 {¶ 18} Additionally, in Solowitch v. Bennett (1982),8 Ohio App.3d 115, 117, the Eighth District Court of Appeals held that, when a plaintiff seeks leave to amend a complaint, "there must be at least a prima facie showing that the movant can marshal support for the new matters sought to be pleaded[.]" In Solowitch, the appellate court upheld a trial court's decision not to allow plaintiffs to amend their complaint with a new cause of action. Id. The court noted that the plaintiffs "presented no operative facts in support of their new allegations" and "disclosed no basis to support their new allegations." Id.
 {¶ 19} Conversely, here, unlike Wilmington Steel Products, Inc. andSolowitch, appellee has disclosed a basis to support its defense and has detailed supportive "operative facts." Thus, contrary to appellant's assertions, we conclude that appellee has made a "prima facie showing of support" for its savings statute and statute of limitations defense.
 {¶ 20} As such, we conclude that the trial court did not abuse its discretion in granting appellee leave to amend its answer to include the savings statute and statute of limitations defense. Therefore, we overrule appellant's second assignment of error.
 {¶ 21} In his first assignment of error, appellant contends that the trial court erred by granting appellee's Civ.R. 12(B)(6) motion to dismiss the re-filed complaint. We agree.
 {¶ 22} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of a complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548. Thus, "a trial court must limit its consideration to the four corners of the complaint" when deciding a Civ.R. 12(B)(6) motion to dismiss. Singleton v. Adjutant Gen. of Ohio, Franklin App. No. 02AP9-71, 2003-Ohio-1838, at ¶ 18. We review de novo a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6). Martin v. Ghee
(Apr. 9, 2002), Franklin App. No. 01AP-1380.
 {¶ 23} Here, as noted above, appellee filed the Civ.R. 12(B)(6) motion to dismiss on grounds that appellant did not re-file his complaint within the time limits of the savings statute and statute of limitations. In challenging the trial court's decision to grant appellee's Civ.R. 12(B)(6) motion to dismiss, appellant first contends that appellee waived the defense pertaining to the savings statute and statute of limitations. However, as noted above, appellee raised the defense in its amended answer and, as such, properly brought the issue before the trial court. See Jim's Steak House, Inc. at 20.
 {¶ 24} Next, appellant argues that appellee could not properly seek a dismissal on the savings statue and statute of limitations defense through a Civ.R. 12(B)(6) motion to dismiss because the defense is a Civ.R. 8(C) affirmative defense and is not listed as a defense in Civ.R. 12(B)(6). However, a party may raise a Civ.R. 8(C) defense through a Civ.R. 12(B)(6) motion to dismiss if the "availability of [the] applicable affirmative defense * * * is apparent from the face of the complaint[.]" Stuller v. Price, Franklin App. No. 02AP-29, 2003-Ohio-583, at ¶ 27; Leichliter v. Natl. City Bank of Columbus (1999),134 Ohio App.3d 26, 32.
 {¶ 25} In the July 15, 2003 re-filed complaint, appellant specified that he was re-filing the complaint, but did not indicate that he voluntarily dismissed the original complaint on October 30, 2001. The trial court needed the date of the voluntary dismissal to determine whether appellant re-filed the complaint under time constraints of the savings statute. Thus, we next determine whether the trial court could nonetheless entertain appellee's Civ.R. 12(B)(6) motion to dismiss by taking judicial notice of the October 30, 2001 voluntary dismissal.
 {¶ 26} Judicial notice concerns a court's acceptance, "for purpose of convenience and without requiring a party['s] proof, of a well-known and indisputable fact[.]" State v. Blaine, Highland App. No. 03CA9,2004-Ohio-1241, at ¶ 12; Evid.R. 201. A trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. State ex rel. Neff v. Corrigan
(1996), 75 Ohio St.3d 12, 16. However, a trial court cannot take judicial notice of court proceedings in another case. Campbell v. Ohio AdultParole Auth. (Oct. 28, 1997), Franklin App. No. 97APE05-616. Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." FirstMichigan Bank and Trust Co. v. P. and S. Bldg. (Feb. 16, 1989), Meigs App. No. 413. A trial court "may only take judicial notice of prior proceedings in the immediate case." In re LoDico, Stark App. No. 2003-CA-00446, 2005-Ohio-172, at ¶ 94; First Michigan Bank and TrustCo. "The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court."Campbell citing The Deli Table, Inc. v. Great Lakes Mall (Dec. 31, 1996), Lake App. No. 95-L-012.
 {¶ 27} As an example, in Brubaker v. Ross (Apr. 17, 2001), Franklin App. No. 00AP-1159, a defendant filed a motion to dismiss a plaintiff's re-filed negligence action. The plaintiff re-filed the action on December 15, 1999, after he previously dismissed the action on January 25, 1996, and December 16, 1998. In the motion to dismiss, the defendant asserted that the statute of limitations had expired and that the savings statute did not apply because the plaintiff failed to perfect service on the second lawsuit. The defendant also asked the trial court to take judicial notice of its own record by recognizing the plaintiff's previous complaints. The trial court granted the motion to dismiss and concluded that the savings statute did not "extend the time for filing the lawsuit." This court reversed the trial court's decision and concluded that the trial court took improper judicial notice of the previous filings. We noted that "a court may not take judicial notice of prior proceedings in the court; rather, a court may only take judicial notice of the proceedings in the immediate case." Id.
 {¶ 28} Appellant's October 30, 2001 voluntary dismissal is not part of the immediate case, but part of a separate action with filings not subject to our review. As such, the trial court could not have properly taken judicial notice of the voluntary dismissal when it ruled on appellee's Civ.R. 12(B)(6) motion to dismiss. Campbell; First MichiganBank and Trust Co.; In re LoDico; Brubaker.
 {¶ 29} We acknowledge that the record contains a "Stipulation and Agreed Statement of the Case[,]" which denotes that appellant voluntarily dismissed his original complaint on October 30, 2001. However, a stipulation constitutes nothing more than a "voluntary agreement between opposing parties[.]" Blaine at ¶ 12, citing Black's Law Dictionary (7th Ed. 1999) 1427. Parties make stipulations irrespective of judicial notice, which concerns "well-known" and "indisputable" facts. See Blaine
at ¶ 12; Evid.R. 201. Again, we concluded above that the trial court could not properly have taken judicial notice of the October 30, 2001 dismissal because it was not part of the "immediate case," but part of a separate action with filings not subject to our review. The parties' stipulation of the October 30, 2001 dismissal does not dispose of our above concerns and, therefore, would not have otherwise allowed the trial court to take judicial notice of the voluntary dismissal.
 {¶ 30} Although the trial court could not have taken judicial notice of the October 30, 2001 dismissal, the trial court had the option to convert appellee's Civ.R. 12(B)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment to consider material outside the complaint. See Powell v. Vorys, Sater, Seymour Pease (1998), 131 Ohio App.3d 681,684; Civ.R. 12(B). "However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and thus dispose of it without giving notice to the parties of its intent to do so[.]" Id. at 684-685, citing Civ.R. 12(B) and State exrel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97. "Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error." Powell at 685, citing State ex rel. Boggs v. Springfield Local School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 94, 96.
 {¶ 31} In Powell, a defendant raised a Civ.R. 12(B)(6) motion to dismiss by alleging that the plaintiffs re-filed their complaint outside time limits of the savings statute and statute of limitations. Id. at 683. In support, the defendant attached to the motion a copy of the plaintiffs' voluntary dismissal of the previously filed action and a copy of the trial court's decision to grant summary judgment against the plaintiffs on the previously filed complaint on the basis that the statute of limitations had expired. Id. The trial court granted the motion to dismiss by referring to the defendant's evidence attached to the motion to dismiss. Id. at 683-684. We reversed, noting that "[t]he trial court's judgment fails as a dismissal under Civ.R. 12(B)(6) because the court clearly considered and relied upon matters" outside the complaint in reaching its decision. Id. at 685. We implicitly recognized that the trial court converted the motion to dismiss into a motion for summary judgment. Id. However, we stated that "[t]here is no indication that the trial court notified the parties of its intention to convert the Civ.R. 12(B)(6) motion to a motion for summary judgment." Id. at 685.
 {¶ 32} Like Powell, the trial court's decision to dismiss appellant's re-filed complaint "fails as a dismissal under Civ.R. 12(B)(6) because the court clearly considered and relied upon matters" outside the re-filed complaint. Powell at 685. Thus, like Powell, the trial court converted appellee's Civ.R. 12(B)(6) motion into a summary judgment motion. Id. at 685. However, in contravention of Powell, the trial court failed to provide the requisite notice of its intention to convert appellee's motion to a summary judgment motion. The trial court's failure to provide such notice constitutes reversible error. Id.
 {¶ 33} We cannot impute notice on the parties through the trial court's request for a "Stipulation and Agreed Statement of the Case" because after the parties made the stipulation, they nonetheless addressed the savings statute and statute of limitations defense on Civ.R. 12(B)(6) grounds, which, as noted above, limits the trial court's consideration to the complaint. Specifically, appellee filed a Civ.R. 12(B)(6) motion to dismiss, not a summary judgment motion, and appellant responded to appellee's motion to dismiss in the context of Civ.R. 12(B)(6), not Civ.R. 56. Pursuant to Powell, after the parties proceeded on Civ.R. 12(B)(6) grounds, the trial court needed to provide notice of its intention to convert the Civ.R. 12(B)(6) motion to dismiss into a summary judgment motion before it considered information outside the re-filed complaint. Powell at 685.
 {¶ 34} Likewise, Powell requires us to reverse the trial court's decision, regardless of the possibility that the trial court will again dismiss appellant's complaint on summary judgment. Powell holds that a trial court commits reversible error by converting a Civ.R. 12(B)(6) motion into a summary judgment motion without providing the requisite notice. Id. at 685. In addition, because the trial court must convert appellee's motion to dismiss into a motion for summary judgment, we cannot rely on the trial court's sua sponte dismissal powers to otherwise dispose of appellant's re-filed complaint. See VanMeter v. Lawrence Cty.
(July 8, 1994), Lawrence App. No. 93CA27, citing Bowen v. Kil-Kare, Inc.
(1992), 63 Ohio St.3d 84, 94; and Marshall v. Aaron (1984),15 Ohio St.3d 48, 51 (holding that "it is without question under Ohio law that courts cannot initiate summary judgment proceedings of their own volition").
 {¶ 35} Therefore, based on the above, we conclude that the trial court erred by granting appellee's motion to dismiss. As such, we sustain appellant's first assignment of error.
 {¶ 36} In summary, we overrule appellant's second assignment of error, but sustain appellant's first assignment of error. Thus, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas and remand this cause to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
McGrath and Travis, JJ., concur.