MARY J. BOYLE, J.:
 

 {¶ 1} Plaintiffs-appellants, Eddie Stewart, Leslie Brazil, and Charles Patton (collectively "Stewart"), appeal from the trial court's judgment granting defendants-appellees, Woods Cove II, L.L.C., Woods Cove III, L.L.C. (collectively "Woods Cove"), and Cuyahoga County Treasurer Christopher Murray's ("Treasurer"), motions to dismiss Stewart's second amended class action complaint for declaratory and injunctive relief and for damages.
 

 {¶ 2} For the reasons that follow, we reverse the trial court's judgment and remand the matter for further proceedings.
 

 I. Facts and Procedural History
 

 {¶ 3} Stewart filed his second amended class action complaint for declaratory judgment, permanent injunction, writ of mandamus, and for damages ("second amended complaint") against Woods Cove and the Treasurer.
 
 [1]
 
 His claims concern Ohio's tax certificate legislation, R.C. 5721.30 through 5721.46, and specifically, the provisions that permit the Treasurer to sell tax certificates for real properties to third-party investors like Woods Cove. Stewart brought his claims on behalf of "all persons in the State of Ohio whose property tax delinquencies have been certified by [the] Treasurer, and whose certificates were sold to [Woods Cove] by agreement with the Treasurer."
 

 {¶ 4} According to Stewart, from April 20, 2012 through May 10, 2013, and from September 9, 2013 through September 9, 2014, Woods Cove "was the exclusive purchaser of tax lien certificates from the Treasurer" pursuant to two tax certificate purchase/sale agreements. Stewart attached a copy of the tax certificate purchase/sale agreements to his second amended complaint.
 

 {¶ 5} Stewart claimed that during the stated time period the Treasurer sold tax lien certificates to Woods Cove for the properties owned by Stewart, Patton, and Brazil. Stewart attached the applicable tax certificates to his second amended complaint. Stewart further alleged that the delinquent property tax certificates sold to Woods Cove pursuant to the tax certificate purchase/sale agreements "were disproportionately comprised of properties located in communities having significantly higher concentrations of racial minority populations than Cuyahoga County as a whole." He also asserted that Woods Cove entered into agreements with taxpayers for repayment under the tax lien certificates that resulted in interest rates in excess of the 18 percent limit imposed by the tax certificate statute.
 

 {¶ 6} As a result of the Treasurer and Woods Cove's agreements and their conduct related to the agreements, Stewart alleged that he was subject to:
 

 (1) tax policy effectively legislated ad hoc by the executive branch of government and private entities;
 

 (2) the unconstitutional taking of properties for private benefit;
 

 (3) the denial of equal protection of law based upon the Treasurer's racial selection of properties being sold to third-party investors like Woods Cove;
 

 (4) the deprivation of due process because the Treasurer delegates the required notice of redemption rights under the tax certificate statute to third-party investors like Woods Cove;
 

 (5) unfair, deceptive, and unconscionable practices as a result of the tax lien certificate purchasers' negotiations of repayment agreements with interest and fees in excess of statutory amounts; and
 

 (6) unlawful and discriminatory credit practices because of the disproportionate effect upon racial minorities.
 

 {¶ 7} As such, Stewart's second amended complaint sought a declaratory judgment that the tax lien statute was unconstitutional pursuant to the Takings Cause, Article I, Section 19 of the Ohio Constitution and the Fifth Amendment of the United States Constitution, and the Nondelegation Clause, Article II, Section 1 of the Ohio Constitution and Article I, Section 1 of the United States Constitution. He also requested a declaratory judgment that the tax certificate sale/purchase agreements were unconstitutional pursuant to the Equal Protection Clause, Article I, Section 2 of the Ohio Constitution, the Due Process Clause, Fourteenth Amendment of the United States Constitution, and in violation of Ohio's competitive bidding statute, R.C. 307.86. Stewart further alleged causes of action under 42 U.S.C. 1983, the Ohio Consumer Sales Practices Act, the Ohio Civil Rights statute, and the Truth in Lending Act, and he sought a writ of mandamus compelling the Treasurer to exercise his authority under the tax certificate statute in compliance with the constitutional and statutory guidelines.
 

 {¶ 8} In response to the second amended complaint, Woods Cove filed a motion to dismiss.
 
 [2]
 
 Woods Cove argued that Stewart's claims should be dismissed because they failed to present a "real controversy or justiciable issue between the parties." Specifically, Woods Cove claimed that Stewart's challenges to R.C. Chapter 5721 and the tax certificate sale/purchase agreements were not ripe for review because the allegations simply stated that Woods Cove "purchased tax certificates regarding their properties" and failed to allege that Stewart had "actually been deprived of [his] property." Woods Cove also argued that the second amended complaint should be dismissed because Stewart failed to serve a copy upon the attorney general; he failed to properly allege a violation under 42 U.S.C. 1983 ; he lacked standing to pursue claims under the Ohio Consumer Sales Practices Act and Civil Rights Act; the mandamus action was improperly disguised as a claim for declaratory judgment and injunction; and he failed to properly allege a claim under the Truth in Lending Act.
 

 {¶ 9} The Treasurer also filed a motion to dismiss the second amended complaint, which joined in and incorporated the motion to dismiss filed by Woods Cove. The Treasurer further argued that Stewart's claims under the Ohio Constitution failed because there is no private right of action for such claims, and the trial court lacked subject matter jurisdiction because Stewart failed to name the attorney general as a party.
 

 {¶ 10} Stewart filed oppositions to the motions to dismiss, arguing that his claims presented a justiciable controversy. Stewart claimed that the validity of the forfeiture provision of the tax certificate statute was ripe for review because when the Treasurer sold the tax certificates to Woods Cove, a final decision "was reached" with respect to the properties. Stewart also argued that the Treasurer's discretion to "arbitrarily select from among parcels" to sell and to be subjected
 to "increased interest and additional costs and fees * * * is in fact full, entire, complete, and absolute." And Stewart asserted that he properly alleged claims for declaratory judgment and violations under 42 U.S.C. 1983 and the Truth in Lending Act; that any procedural defect to serve the attorney general was curable; and that he had standing to assert claims under the Ohio Consumer Sales Practices Act and the Ohio Civil Rights Act.
 

 {¶ 11} After considering the motions to dismiss, the trial court granted Woods Cove and the Treasurer's motions to dismiss stating:
 

 Motion to dismiss of Defendant Cuyahoga County Treasurer W. Christopher Murray II, filed 05/26/2016, is granted. Motion to dismiss of Defendants Woods Cove II, LLC and Woods Cove III, LLC, filed 05/25/02016, is granted. While plaintiffs are parties who have properties encumbered by tax certificate liens, they have not lost their properties to tax certificate forfeiture orders recently. All of these constitutional arguments raised by plaintiffs can be raised if a foreclosure case is filed against these plaintiffs. The court agrees with the defendants['] argument that the plaintiffs' claims are premature. Until a tax foreclosure complaint is filed by a tax certificate holder, like Woods Cove II, III, or IV, the injury or harm to the property owner's interests seems speculative and premature.
 

 {¶ 12} It is from this judgment that Stewart appeals. He asserts the following two assignments of error for our review:
 

 1. The trial court erred in granting the motion to dismiss of defendant-appellee W. Christopher Murray II, Cuyahoga County Treasurer.
 

 2. The trial court erred in granting the motion to dismiss of defendants-appellees Woods Cove II, L.L.C. and Woods Cove III, L.L.C.
 

 II. Law and Analysis
 

 A. Standard of Review
 

 {¶ 13} Ohio courts apply an abuse of discretion standard when reviewing a trial court's dismissal of a declaratory judgment claim as not justiciable.
 
 William Powell Co. v. OneBeacon Ins. Co.,
 

 2016-Ohio-8124
 
 ,
 
 75 N.E.3d 909
 
 , ¶ 47, citing
 
 Arnott v. Arnott
 
 ,
 
 132 Ohio St.3d 401
 
 ,
 
 2012-Ohio-3208
 
 ,
 
 972 N.E.2d 586
 
 , ¶ 13. Otherwise, an appellate court conducts a de novo review of a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss.
 
 Perrysburg Twp. v. Rossford,
 

 103 Ohio St.3d 79
 
 ,
 
 2004-Ohio-4362
 
 ,
 
 814 N.E.2d 44
 
 , ¶ 5.
 

 {¶ 14} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.
 
 State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
 
 ,
 
 65 Ohio St.3d 545
 
 , 548,
 
 605 N.E.2d 378
 
 (1992). In deciding whether a complaint should be dismissed pursuant to Civ.R. 12(B)(6), the court's review is limited to the four corners of the complaint along with any documents properly attached to or incorporated within the complaint.
 
 Glazer v. Chase Home Fin. L.L.C.,
 
 8th Dist. Cuyahoga Nos. 99736 and 99875,
 
 2013-Ohio-5589
 
 ,
 
 2013 WL 7869273
 
 , ¶ 38. When a Civ.R. 12(B)(6) motion to dismiss presents matters outside the pleadings, the trial court may either exclude the extraneous matter from its consideration or treat the motion as one for summary judgment.
 
 Eichenberger v. Woodlands Assisted Living Residence, L.L.C.
 
 , 10th Dist. Franklin No. 12AP-987,
 
 2013-Ohio-4057
 
 ,
 
 2013 WL 5308288
 
 , ¶ 19, citing
 
 Powell v. Vorys, Sater, Seymour & Pease
 
 ,
 
 131 Ohio App.3d 681
 
 ,
 
 723 N.E.2d 596
 
 (10th Dist.1998). A trial court may not, sua sponte, convert a Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment and dispose of it without giving notice to the parties of
 its intent to do so.
 

 Id.
 

 To do so constitutes reversible error.
 

 Id.
 

 {¶ 15} In ruling on a motion to dismiss, the court accepts as true all the material factual allegations of the complaint and construes all reasonable inferences to be drawn from those facts in favor of the nonmoving party.
 
 Brown v. Carlton Harley-Davidson, Inc.
 
 , 8th Dist. Cuyahoga No. 99761,
 
 2013-Ohio-4047
 
 ,
 
 2013 WL 5310216
 
 , ¶ 12.
 

 {¶ 16} To prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claims that would entitle the plaintiff to relief.
 
 O'Brien v. Univ. Community Tenants Union, Inc.,
 

 42 Ohio St.2d 242
 
 ,
 
 327 N.E.2d 753
 
 (1975), syllabus. If there is "a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss."
 
 High St. Properties, L.L.C. v. Cleveland
 
 , 8th Dist. Cuyahoga No. 101585,
 
 2015-Ohio-1451
 
 ,
 
 2015 WL 1738016
 
 , ¶ 16, citing
 
 York v. Ohio State Hwy. Patrol
 
 ,
 
 60 Ohio St.3d 143
 
 ,
 
 573 N.E.2d 1063
 
 (1991). "A court cannot dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail."
 
 Bono v. McCutcheon,
 

 159 Ohio App.3d 571
 
 ,
 
 2005-Ohio-299
 
 ,
 
 824 N.E.2d 1013
 
 , ¶ 8, citing
 
 v.
 

 WLW Jacor Communications, Inc.
 
 ,
 
 92 Ohio App.3d 232
 
 , 234,
 
 634 N.E.2d 697
 
 (1st Dist.1994).
 

 {¶ 17} Because Ohio remains a notice pleading jurisdiction, this court has stated that "few complaints fail to meet the liberal [pleading] standards of Rule 8 and become subject to dismissal," and that "the motion to dismiss is viewed with disfavor and should rarely be granted."
 
 Tuleta v. Med. Mut. of Ohio,
 

 2014-Ohio-396
 
 ,
 
 6 N.E.3d 106
 
 , ¶ 15, citing
 
 Slife v. Kundtz Properties, Inc.
 
 ,
 
 40 Ohio App.2d 179
 
 , 182,
 
 318 N.E.2d 557
 
 (8th Dist.1974).
 

 B. Real and justiciable controversy between the parties
 

 {¶ 18} Stewart's two assignments of error challenge the trial court's dismissal of his second amended complaint. Therefore, we will consider both assignments of error together.
 

 {¶ 19} Stewart argues that the trial court improperly determined that his claims were not ripe for adjudication because foreclosure actions had not been filed. In support of this argument, Stewart claims that the trial court failed to exclude evidence outside of the complaint and failed to provide notice to the parties that it was going to consider such evidence and, thus, the trial court improperly treated the motions to dismiss as motions for summary judgment. Stewart also argues that the sale of the tax certificate, and not the initiation of foreclosure actions, gave rise to the adjudicability of the claims asserted in his second amended complaint.
 

 {¶ 20} Woods Cove and the Treasurer, however, argue that the trial court properly granted their motions to dismiss because Stewart's claims were not ripe for adjudication because he failed to allege that the properties had been foreclosed upon or forfeited under the tax certificate. According to Woods Cove and the Treasurer, the mere allegation that the Treasurer had sold tax certificates for the properties was insufficient to trigger a real and justiciable controversy. They also argue that the trial court properly dismissed Stewart's claims under 42 U.S.C. 1983, the Ohio Consumer Sales Practices Act, the Ohio Civil Rights Act, the Truth in Lending Act, and for mandamus.
 

 {¶ 21} The Ohio Supreme Court has interpreted a "justiciable matter" to mean the existence of an actual controversy, a genuine dispute between adverse parties.
 

 State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas
 
 ,
 
 74 Ohio St.3d 535
 
 , 542,
 
 660 N.E.2d 458
 
 (1996). In order for a justiciable question to exist, the "threat" to a party's position "must be actual and genuine and not merely possible or remote."
 
 M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.
 
 ,
 
 2014-Ohio-2537
 
 ,
 
 14 N.E.3d 1054
 
 , ¶ 17, citing
 
 Mid-Am. Fire & Cas. Co. v. Heasley
 
 ,
 
 113 Ohio St.3d 133
 
 ,
 
 2007-Ohio-1248
 
 ,
 
 863 N.E.2d 142
 
 , ¶ 9.
 

 {¶ 22} Here, we must review the allegations contained in the second amended complaint, along with its attachments, to determine whether Stewart alleged a set of facts that would entitle him to relief.
 

 {¶ 23} All of Stewart's claims in his second amended complaint, whether couched as requests for declaratory judgment, injunction, mandamus, or damages, challenge the validity of Ohio's tax certificate statute, the tax certificate sale/purchase agreements, and Woods Cove and the Treasurer's conduct related to the sale of the tax certificates. Not only does Stewart make specific constitutional and statutory challenges to the tax certificate statute and the tax certificate sale/purchase agreements, but he also claims that he has been damaged by them. For example, Stewart alleged that property owners, like Brazil, Patton, and others similarly situated, suffered harm when Woods Cove purchased the tax certificates from the Treasurer because the property owners were subjected to an increased interest rate of more than 18 percent if they wanted to redeem their properties. And, according to Stewart's second amended complaint, the manner in which the Treasurer sold the tax certificates to Woods Cove was racially disproportionate.
 

 {¶ 24} Taking the allegations in the seconded amended complaint as true and construing all reasonable inferences drawn from those allegations in favor of Stewart as we are required to do, we find that it does not appear beyond doubt that Stewart can prove no set of facts entitling him to the relief requested. We cannot say, at this stage of the litigation, that Stewart's claims are premature, speculative, or barred by the ripeness doctrine. We, however, are not commenting on the merits of Stewart's claims. Rather, given the liberal pleading standard and disfavoring of motions to dismiss, we hold that the trial court erred in granting Woods Cove and the Treasurer's motions to dismiss the second amended complaint.
 

 {¶ 25} We further find that the trial court improperly considered factual evidence not before it when ruling on the motions to dismiss. Specifically, in its judgment, the trial court stated that "[w]hile plaintiffs are parties who have properties encumbered by tax certificate liens, they have not lost their properties to tax certificate forfeiture orders recently." It then based its determination of the ripeness of Stewart's claims on the factual issue of whether foreclosure actions had been brought against the property owners. Thus, without notice to the parties, the trial court effectively considered factual issues outside the pleadings and improperly determined that no foreclosure actions had been brought against the properties, thereby justifying the dismissal of Stewart's second amended complaint. We find it reversible error for the trial court to have considered extraneous factual matters outside the pleadings without notification to the parties of its intention to do so.
 

 {¶ 26} Stewart's first and second assignments of error are sustained.
 

 {¶ 27} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.
 

 PATRICIA ANN BLACKMON, J., CONCURS;
 

 KATHLEEN ANN KEOUGH, A.J., DISSENTS WITH SEPARATE OPINION
 

 Stewart filed an original complaint and a first amended complaint. Subsequently, with leave of court, he filed his second amended complaint.
 

 Prior to filing its motion to dismiss, Woods Cove filed a notice of removal to the United States District Court, Northern District of Ohio. The Treasurer, however, did not consent to the removal, and the case was remanded to the Cuyahoga County Court of Common Pleas.