[Cite as *Woods Cove v. Brazil*, 2019-Ohio-4348.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WOODS COVE III, L.L.C.,      :

     Plaintiff-Appellee,     :

                       No. 107889

     v.                    :

LESLIE BRAZIL, JR., ET AL.,     :

     Defendants-Appellants.   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-875581

---

### *Appearances:*

David T. Brady and Brian S. Gozelanczyk, *for appellee.*

Gary Cook, *for appellants.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendants-appellants, Leslie Brazil, Jr., and Leslie Brazil, III, ("collectively Brazil") appeal the trial court's granting of summary judgment in favor of substitute-plaintiff-appellee Rolland Petranovich ("Petranovich") and the dismissal of Brazil's counterclaims against Woods Cove III, L.L.C. and cross-claims

against Cuyahoga County Treasurer W. Christopher Murray, II ("Treasurer") (collectively referred to as "Woods Cove"). Finding no merit to the appeal, we affirm.

{¶ 2} In 2017, Woods Cove filed a complaint for foreclosure of Brazil's equitable and statutory redemption rights and sale of property located at 2290 North Taylor Road in Cleveland Heights to satisfy the tax liens represented by two tax certificates that Woods Cove held. Brazil filed numerous counter- and cross-claims against Woods Cove; he also sought class certification pursuant to Civ.R. 23.

{¶ 3} While the case was pending, the tax certificates were transferred to REI Holdings, L.L.C., and then to Rolland Petranovich, who was substituted as party-plaintiff. Petranovich moved for summary judgment, which Brazil opposed. The court granted Petranovich's motion for summary judgment and dismissed Brazil's counter- and cross-claims.

{¶ 4} Brazil was also involved in separate litigation against Woods Cove. *See Stewart v. Woods Cove, II, L.L.C.,* Cuyahoga C.P. No. CV-15-855010 ("*Stewart I*"). In that case, Brazil and another plaintiff, Eddie Stewart, filed suit against Woods Cove. The trial court dismissed the plaintiffs' complaint in October 2016; the plaintiffs appealed, and this court reversed the trial court's decision. *Stewart v. Woods Cove II, L.L.C.,* 2017-Ohio-8314, 99 N.E.3d 956, ¶ 4 (8th Dist.). The case was remanded to the trial court. In August 2018, the plaintiffs filed a Civ.R. 41(A) notice of dismissal.

{¶ 5} In the instant appeal, Brazil raises the following assignments of error:

I. Reviewing appellees' motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of the appellant by granting appellees' motion for summary judgment.

II. Reviewing appellees' motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of the appellant by granting appellees' motion to dismiss counterclaims and cross claims.

{¶ 6} In the first assignment of error, Brazil contends that the trial court erred in granting summary judgment.

{¶ 7} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Thompson v. Lyndhurst*, 8th Dist. Cuyahoga No. 107695, 2019-Ohio-3277, ¶ 19, citing *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 9} To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶ 10} With the above-mentioned standard in mind, we now consider the trial court's decision to grant summary judgment in favor of Petranovich.

{¶ 11} Brazil contends that Petranovich did not support his motion for summary judgment with proper evidence. Specifically, he argues that Petranovich's affidavit was not made with the requisite personal knowledge needed for it to adequately support the motion for summary judgment. We find this contention to be without merit.

{¶ 12} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *State ex rel. Varnau v. Wenninger*, 12th Dist. Brown No. CA2009-02-010, 2011-Ohio-3904, ¶ 7. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). To be considered in a summary judgment motion, an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit." Civ.R. 56(E).

{¶ 13} Personal knowledge is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." *Re v. Kessinger*, 12th Dist. Butler No. CA2007-02-044, 2008-Ohio-167, ¶ 32. Absent evidence to the contrary, an affiant's statement that his or her affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R. 56(E). *Churchill v. G.M.C.*, 12th Dist. Butler No. CA2002-10-263, 2003-Ohio-4001, ¶ 11; *Papadelis v. First Am. Savs. Bank*, 112 Ohio App.3d 576, 579, 679 N.E.2d 356 (8th Dist.1996). Additionally, in the absence of a specific statement, personal knowledge may be inferred from the contents of an affidavit. *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 15.

{¶ 14} Petranovich averred that (1) he is the holder of the tax certificates; (2) basic information can be found on the face of the tax certificates; (3) there are amounts due and owing on the certificates; (4) a notice of intent to foreclose was filed and the date and information contained thereon is easily identifiable from the face of the notice; (5) he has not received payment in full to redeem the certificate.

{¶ 15} Brazil did not provide evidence to controvert Petranovich's averments. Thus, we find no error.

{¶ 16} Brazil makes no other supported arguments why summary judgment should not have been granted in Petranovich's favor. Accordingly, the first assignment of error is overruled.

{¶ 17} In the second assignment of error, Brazil argues that the trial court erred by granting the motion to dismiss his counter- and cross-claims.

{¶ 18} As mentioned, Brazil filed an answer and numerous counter- and cross-claims against Woods Cove. The counter- and cross-claims are identical to the claims he previously filed in *Stewart I*.[1] The complaint was filed in that case on

---

[1] The claims in both cases read as follows:

Count I — the tax lien certificate enabling statute violates the Takings Clauses of the Ohio and United States Constitutions;

Count II — the tax lien certificate enabling statute is unconstitutional as an impermissible delegation of legislative authority;

Count III — the tax certificate sale/purchase agreements between the Treasurer and Woods Cove II and Woods Cove III are unconstitutional as violating the Equal Protections Clauses of the Ohio and United States Constitutions;

Count IV — the tax certificate sale/purchase agreements between the Treasurer and Woods Cove are unconstitutional as violative of appellants' procedural due process rights;

Count V — the tax certificate sale/purchase agreements between the Treasurer and Woods Cove were not subject to Ohio's competitive bidding process;

Count VI — violation of 42 U.S.C. 1983 by virtue of defendants' conduct pursuant to R.C. [Chapter] 5721;

Count VII — violation of Ohio's Consumer Sales Practices Act ("OCSPA") (against Woods Cove only);

Count VIII — violation of Ohio's Civil Rights Statute ("OCRA") (against Woods Cove only);

Count IX — Writ of Mandamus (against the Treasurer only);

Count X — violation of the federal Truth in Lending Act ("TILA") (against Woods Cove only).

*See Stewart*, 2017-Ohio-8314, 99 N.E.3d 956, at ¶ 31.

March 7, 2016.  The *Stewart I* defendants subsequently filed a motion to dismiss. On October 17, 2016, the trial court granted the defendants' motion, which Stewart and Brazil appealed.

{¶ 19} On February 17, 2017, Woods Cove filed the instant foreclosure action, Cuyahoga C.P. No. CV-17-875581.  On March 24, 2017, Brazil filed his counter- and cross-claims.  Woods Cove moved to dismiss those claims on April 21, and June 26, 2017.

{¶ 20} On October 26, 2017, this court reversed *Stewart I* and remanded the case to the trial court.  On December 12, 2017, the trial court in this case granted Woods Cove's motion to dismiss.  On August 2, 2018, the *Stewart I* plaintiffs filed a Civ.R. 41(A) notice of dismissal.

{¶ 21} In its motion to dismiss in this case, Woods Cove informed the trial court that the counter- and cross-claims Brazil raised are identical to those claims he raised in *Stewart I.*  When the trial court granted the motion to dismiss in the instant case, *Stewart I* had been already reversed by this court; Brazil's claims in *Stewart I* and the instant case were pending at the same time.[2]

{¶ 22} In *Siggers v. Rudd*, 8th Dist. Cuyahoga No. 53935, 1988 Ohio App. LEXIS 3037 (July 28, 1988), the two parties were involved in an automobile accident.  Siggers filed suit against Rudd, and Rudd counterclaimed in Cuyahoga

---

[2]Because *Stewart I* was on appeal at the time Brazil filed his counter- and cross-claims in this case, the claims appear to be an attempt to obtain a more favorable ruling from a different trial court.  Had this court affirmed *Stewart I*, the claims would have been barred by res judicata.

C.P. No. 99008. Before Case No. 99008 was disposed of, Rudd filed suit against Siggers in Cuyahoga C.P. No. 118896, alleging the same claims he had filed as counterclaims in Case No. 99008. Case No. 99008 was settled and dismissed; Rudd's counterclaims were dismissed for failure to prosecute. Then, in the case Rudd filed against Siggers, Case No. 118896, Siggers obtained a default judgment against Rudd. Rudd filed a motion to vacate the judgment, which the trial court denied. Rudd appealed.

{¶ 23} On appeal, Rudd argued that the trial court abused its discretion in retaining jurisdiction over an action subsequently filed while a prior action, concerning identical parties and issues of fact and law, was pending in the same court before another trial judge. This court agreed:

> When Siggers' complaint was filed, an action was already pending in Common Pleas Court under Case No. 99008 involving the same parties and the same automobile collision. The newly-filed complaint was a duplication of the counterclaim in Case No. 99008 and should have been refiled in that case or transferred to or consolidated with that case. This was not done because the designation sheet for the newly-filed complaint did not disclose that a related case was pending or previously filed. Siggers' newly-filed complaint was therefore subject to dismissal or, at a minimum, subject to being transferred to and consolidated with Case No. 99008.

*Id.* at 4. This court reversed the trial court's denial of Rudd's motion for relief from judgment. *Id.* at 5.

{¶ 24} The procedural posture of this case differs from *Siggers*, but we find the case instructive for the general premise that duplicative lawsuits are generally prohibited under Ohio law. *See also Secrest v. Std. Oil Co.*, 118 Ohio App. 270, 271,

194 N.E.2d 68 (10th Dist.1963) ("[A] counterclaim cannot be used to set up a cause of action which is already pending between the parties.").

{¶ 25} In this case, at the time that Brazil filed his counter- and cross-claims against Woods Cove, his claims in the *Stewart I* case had been dismissed but were on appeal. This court reinstated his claims in *Stewart I* prior to the dismissal of the counter- and cross-claims in the instant case. Although the trial court in this case did not state its reasons for granting Woods Cove's motion to dismiss, the trial court did not err in granting the motion because Brazil was attempting to plead claims identical to those that were pending in *Stewart I.*

{¶ 26} The second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR