[Cite as *Hughes v. Nationwide Mut. Fire Ins. Co.*, 2015-Ohio-5119.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David Hughes, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-94 |
| v. | : | (C.P.C. No. 14CV-883) |
| Nationwide Mutual Fire Insurance Company, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 10, 2015

*Joquetta S. Wells,* for appellant.

*Chad E. Dworkin,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, David Hughes, appeals from the February 11, 2015 judgment of the Franklin County Court of Common Pleas dismissing appellant's complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we reverse.

{¶ 2} Appellant filed a complaint against defendant-appellee, Nationwide Mutual Fire Insurance Company ("Nationwide"), on January 27, 2014. According to the complaint, appellant sustained hail damage to his roof on October 4, 2006. (Complaint, ¶ 4.) Appellant had a homeowner's insurance policy with Nationwide that was in full force and effect at the time his roof was damaged in the storm. (Complaint, ¶ 3-4.) The parties disputed the extent of the damage with appellant contending the slate roof needed to be replaced, and Nationwide contending that only repairs were necessary. (Complaint,

¶ 7-8.) At some time not specified in the complaint, Nationwide denied appellant's request for a new roof. (Complaint, ¶ 8.)

{¶ 3} On April 4, 2008, appellant invoked the appraisal clause of his policy. (Complaint, ¶ 9). Ultimately, Nationwide refused to replace appellant's roof or pay his claim. (Complaint, ¶ 12.) Appellant contacted the Ohio Department of Insurance and the Ohio Attorney General in an attempt to settle the dispute with Nationwide. (Complaint, ¶ 14.) The Ohio Department of Insurance found Nationwide in violation of the appraisal clause and the Ohio Administrative Code. (Complaint, ¶ 14.)

{¶ 4} In a two count complaint, appellant claimed Nationwide breached its contract of insurance, violated Ohio Admin.Code 3901-1-54(F), and intentionally maintained an ongoing practice of unfairness and deception for over seven years. (Complaint, ¶ 18, 21-22.) Appellant did not attach a copy of the policy to the complaint, but only attached the Homeowner Policy Declarations page to his complaint as an exhibit. (Complaint, exhibit A.)

{¶ 5} Nationwide filed a motion to dismiss pursuant to Civ.R. 12(B)(6), claiming that appellant's claims were barred by the language of the policy which limited the time for bringing any action to one year from the date of loss. Attached to the motion to dismiss was a copy of a policy of insurance.

{¶ 6} The relevant language was contained in a two-sentence "Suit Against Us" clause on page E2 of the policy. The clause states as follows:

> No action can be brought against us unless there has been full compliance with the policy provisions. Any action must be started within one year after the date of loss or damage.

{¶ 7} In response to the motion to dismiss, appellant denied that he ever received or reviewed a copy of the Homeowner Policy prior to it being attached to the motion to dismiss. He also argued that the motion to dismiss should be treated as a motion for summary judgment pursuant to Civ.R. 12(B) because it presented matters outside the pleadings.

{¶ 8} The trial court rejected the contention that the Homeowner Policy attached to the motion to dismiss was a matter outside the pleading and therefore outside the scope of a Civ.R. 12(B)(6) motion to dismiss. The trial court found that appellant's claims

were conclusively time barred by the clear and unambiguous language of the policy, and granted the motion to dismiss.

{¶ 9} This appeal followed, with appellant assigning the following as error:

> I. THE TRIAL COURT ERRED IN TREATING AS A MOTION TO DISMISS AND NOT AS A MOTION FOR SUMMARY JUDGMENT THE MOTION OF DEFENDANT-APPELLEE NATIONWIDE MUTUAL FIRE INSURANCE COMPANY TO DISMISS PURSUANT TO CIVIL RULE 12(B)(6) TO WHICH WAS ATTACHED A MATTER OUTSIDE OF THE PLEADINGS.
>
> II. THE TRIAL COURT ERRED TO THE PLAINTIFF-APPELLANT'S PREJUDICE IN GRANTING THE DEFENDANT-APPELLEE'S DENOMINATED MOTION TO DISMISS, TO WHICH WAS ATTACHED A MATTER OUTSIDE OF THE PLEADINGS, BY FINDING THAT IT WAS BEYOND DOUBT THAT APPELLANT COULD PROVE NO SET OF FACTS AS WOULD ENTITLE HIM TO RELIEF.

{¶ 10} Our standard in evaluating an appeal of a trial court's granting of a motion to dismiss is de novo. *Fisher v. Mallik*, 10th Dist. No. 14AP-140, 2015-Ohio-1008, ¶ 9.

> A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgmt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11, 929 N.E.2d 434, citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). Dismissal for failure to state a claim is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5, 862 N.E.2d 104; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. In considering a motion to dismiss under Civ.R. 12(B)(6), the court looks only to the complaint to determine whether the allegations are legally sufficient to state a claim. *Springfield Fireworks, Inc. v. Ohio Dept. of Commerce*, 10th Dist. No. 03AP-330, 2003-Ohio-6940, ¶ 12. We review the dismissal of a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard. *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

*Id.* at ¶ 9.

{¶ 11} With respect to the first assignment of error, we must determine whether the trial court made its ruling based upon the allegations contained in the complaint or whether the judge based his rulings upon facts not contained within the complaint. Civ.R. 12(B) states in pertinent part:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 12} The language of Civ.R. 12(B) is clear; if the trial court relied on facts from other sources, the motion to dismiss under Civ.R. 12(B)(6) should have been converted to a motion for summary judgment.

{¶ 13} Nationwide's purpose in attaching the 34-page Homeowner's Policy to the motion to dismiss was to provide evidentiary support for their contention that the suit was untimely. Their motion was entirely based upon a clause in the attachment.

{¶ 14} The statute of limitations for written contracts is 15 years. R.C. 2305.06. Therefore, it was not apparent from the face of the complaint that appellant's claim was time barred. The motion to dismiss should have been converted to a motion for summary judgment. This would have allowed some discovery to be pursued and the development of a clearer picture of whether, for example, Nationwide waived the limitations clause by inducing appellant to delay filing a lawsuit until after the contractual limitations period expired. *See Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466 (2011)(an insurance company may be deemed to have waived its right to enforce a limitation-of-action clause if it either recognized liability or held out a reasonable hope of adjustment and by doing so, induced the insured to delay filing a lawsuit until after the contractual period of limitation expired).

{¶ 15} The first assignment of error is sustained.

{¶ 16} In his second assignment of error, appellant contends his complaint stated a claim for bad faith and that the trial court erred in dismissing the claim.

> Generally, an insurer has a duty to exercise good faith in the processing and payment of valid claims of its insured. *Beever v. Cincinnati Life Ins. Co.,* Franklin App. No. 02AP-543, 2003 Ohio 2942, at P20. An insured may assert a claim for bad faith if "[a]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 1994 Ohio 461, 644 N.E.2d 397, paragraph one of the syllabus.

*Gillette v. Estate of Gillette*, 163 Ohio App.3d 426, 2005-Ohio-5247 (10th Dist.).

{¶ 17} Here, the complaint states in pertinent part:

> Additionally, in the interim of Plaintiff's loss and Defendant's admissions of fault to both Plaintiff and the Ohio Department of Insurance, Defendant has made no attempt to perform according to the terms of the homeowner's policy or otherwise provide Plaintiff with redress, and therefore, have intentionally maintained an ongoing practice of unfairness and deception against Plaintiff for over seven years.

(Complaint, ¶ 22.)

{¶ 18} Construing the complaint in the light most favorable to appellant, one could reasonably infer that Nationwide engaged in a strategy of delay until the shorter limitations period in the policy had run.

{¶ 19} Nationwide argues that any such bad faith claim is also barred by the limitations period in the policy, but we note the complaint has alleged an ongoing pattern of unfairness and deception. These matters are not capable of being determined by a motion to dismiss and would be more properly entertained by summary judgment proceedings or a trial on the merits after a period of discovery.

{¶ 20} The second assignment of error is sustained as well.

{¶ 21} Having sustained appellant's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings in accordance with this decision.

*Judgment reversed; case remanded.*

KLATT and LUPER SCHUSTER, JJ. concur.