**[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-4871.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William H. Evans, Jr., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-270 |
| v. | : | (Ct. of Cl. No. 2019-00022JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 26, 2019

**On brief:** *William H. Evans*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Timothy M. Miller*, for appellee.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, William H. Evans, Jr., appeals from a judgment of the Court of Claims of Ohio dismissing his complaint against defendant-appellee, Ohio Department of Rehabilitation and Correction, for failure to state a claim on which relief can be granted. For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} According to the complaint, while appellant was serving a term of incarceration at the Northeast Ohio Correctional Center, appellant discovered that in 2008, a detainer lodged by the U.S. Marshal's Service had been placed in his inmate records. On January 10, 2019, appellant filed the instant complaint in the Court of Claims seeking

monetary damages and declaratory relief against appellee. The gravamen of appellant's action against appellee is that appellee intentionally posted a federal "detainer" to his inmate records when appellee either knew or had reason to know the detainer was unauthorized. (Compl. at ¶ 2.) Appellant's complaint states that "[t]his detainer was removed on Sept. 11, 2017 by [appellee] as being invalid." (Compl. at ¶ 2.) Appellant's complaint seeks monetary damages from appellee as compensation for alleged violations of R.C. 1347.10 and 2921.52. The complaint also "requests that mandatory 'judicial notice' be applied to [all] filings" in *State ex. rel Evans v. Mohr*, 10th Dist. No. 17AP-571, 2018-Ohio-935 ("*Evans I*"), and *State ex rel. Evans v. Mohr*, 155 Ohio St.3d 579, 2018-Ohio-5089 ("*Evans II*"). (Compl. at ¶ 4.)[1]

{¶ 3} Appellee moved the Court of Claims, pursuant to Civ.R. 12(B)(1) and (6), for dismissal of the complaint. The Court of Claims issued a decision on April 8, 2019, dismissing appellant's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim on which relief can be granted. Appellant timely appealed to this court from the judgment of the Court of Claims.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Appellant assigns the following as trial court error:

> [1.] Trial Court Erred In Failing To Give [Mandatory] Judicial Notice Under Evid.R. 201(D), As To All Filings In Another Court, Where The Notice Was Pleaded FOR In The Complaint.

> [2.] Trial Court Erred In Holding That Plaintiff Failed To State A Claim.

## III. STANDARD OF REVIEW

{¶ 5} "An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-550, 2017-Ohio-5531, ¶ 10, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted tests the sufficiency of the complaint. *Dunlop* at ¶ 10, citing

---

[1] Though appellant's complaint also seeks a declaration that the federal detainer is a legal sham and that appellee "was wrong in ever lodging it on [his] record, and wrong in failing to verify it," appellant makes no argument in this appeal that the Court of Claims abused its discretion in refusing to issue any such declaration. (Compl. at ¶ 6.)

*Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. " '[T]he movant may not rely on allegations or evidence outside the complaint; such matters must be excluded, or the motion must be treated as a motion for summary judgment.' " *Dunlop* at ¶ 10, quoting *Volbers-Klarich* at ¶ 11, citing Civ.R. 12(B). "[I]n reviewing a Civ.R. 12(B)(6) dismissal, an appellate court looks to the complaint, presumes that the complaint's factual allegations are true, and makes all reasonable inferences in the nonmoving party's favor." *Dunlop* at ¶ 10, citing *Ohio Civ. Serv. Emps. Assn.* at ¶ 12, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). In so doing, "we need not accept as true unsupported conclusions in a complaint." *Dunlop* at ¶ 10, citing *Ohio Civ. Serv. Emps. Assn.* at ¶ 21, citing *Mitchell* at 193. An appellate court may affirm a judgment granting a Civ.R. 12(B)(6) motion to dismiss only when there is no set of facts set forth in the complaint on which the nonmoving party could recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

## IV.  LEGAL ANALYSIS

{¶ 6}  For purposes of clarity, we will begin our discussion with appellant's second assignment of error.

### A.  Appellant's Second Assignment of Error

{¶ 7}  In appellant's second assignment of error, appellant argues the Court of Claims erred when it dismissed his complaint against appellee for failure to state a claim on which relief can be granted. Appellant contends the allegations in the complaint support relief against appellee for the use of a sham legal process as prohibited by R.C. 2921.52 and maintaining personal information in appellant's inmate file knowing it to be inaccurate, as prohibited by R.C. 1347.20.[2] We disagree.

{¶ 8}  R.C. 1347.10, which imposes liability on state and local agencies for wrongful disclosure of personal information, provides in relevant part as follows:

> (A) A person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in civil action from any person who directly and proximately caused the harm by doing any of the following:

---

[2] Appellant has acknowledged his complaint does not state a cognizable claim for relief either under constitutional law or the law of defamation. (Appellant's Brief at 2, 4.)

(1) Intentionally maintaining personal information that he knows, or has reason to know, is inaccurate, irrelevant, no longer timely, or incomplete and may result in such harm.

{¶ 9} The Court of Claims determined R.C. 1347.04(A)(1)(d) exempted appellee from liability to appellant for the alleged violation of R.C. 1347.10. We agree.

{¶ 10} R.C. 1347.04, entitled "Exemptions," provides in relevant part:

(A)(1) Except as provided in division (A)(2) of this section or division (C)(2) of section 1347.08 of the Revised Code, *the following are exempt from the provisions of this chapter*:

* * *

(d) Any state or local agency or part of any state or local agency that is a correction, probation, pardon, or parole authority.

(Emphasis added.)

{¶ 11} There is no dispute that appellee is a state agency that is a correction, probation, pardon, or parole authority. *See* R.C. Chapter 5120 et seq.; Ohio Adm.Code 5120-2 et seq.; Ohio Adm.Code 5120:1-1 et seq. In *Wilson v. Patton*, 49 Ohio App.3d 150, 154 (4th Dist.1988), the court recognized that R.C. 1347.04(A)(1)(d) exempted state correctional facilities from liability to inmates for alleged violations of R.C. Chapter 1347. Appellant's complaint acknowledges he is an inmate in the custody and control of appellee. Thus, the face of appellant's complaint conclusively establishes that appellee is exempt from liability to appellant for the R.C. 1347.10 violations alleged therein. Accordingly, we hold the Court of Claims did not err when it dismissed appellant's R.C. 1347.10 claim, pursuant to Civ.R. 12(B)(6), for failure to state a claim on which relief can be granted.

{¶ 12} R.C. 2921.52 creates both criminal and civil liability for "using a sham legal process." *Gunnell v. Secy. of State*, Ct. of Cl. No. 2014-00832, 2015-Ohio-5617, ¶ 18. R.C. 2921.52(B) defines the offense of "[u]sing sham legal process" in relevant part as follows:

(B) No person shall, knowing the sham legal process to be sham legal process, do any of the following:

(1) Knowingly issue, display, deliver, distribute, or otherwise use sham legal process;

(2) Knowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person.[3]

---

[3] R.C. 2921.52(D) provides: "Whoever violates this section is guilty of using sham legal process. A violation of division (B)(1) of this section is a misdemeanor of the fourth degree. A violation of division (B)(2) or (3) of

{¶ 13} Pursuant to R.C. 2921.52(A)(4), a "sham legal process" means an instrument that meets all the following conditions:

> (a)  It is not lawfully issued.
>
> (b)  It purports to do any of the following:
>
> (i)  To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.

{¶ 14} In addition to criminal liability which may be imposed on a person who uses a sham legal process under R.C. 2921.52(B), "R.C. 2921.52(E) establishes civil liability against those who participate in the sham legal process." *Gunnell* at ¶ 18. R.C. 2921.52(E) subjects an offender to civil liability as follows:

> A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division.

{¶ 15} The Court of Claims determined appellant's complaint failed to state a claim for relief under R.C. 2921.52 because appellant failed to allege facts which would support a finding that he suffered a compensable injury as a result of the presence of the detainer in his inmate records during the relevant time period. We agree.

{¶ 16} This court acknowledges that the presence of inaccurate information in an inmate's prison records may, under certain circumstances, adversely affect parole eligibility and consideration. *See State ex rel. Keith v. Ohio Adult Parole Auth.*, 141 Ohio St.3d 375, 2014-Ohio-4270, ¶ 26 ("in any parole determination involving indeterminate sentencing, the [Ohio Adult Parole Authority] may not rely on information that it knows or has reason to know is inaccurate"). However, appellant's complaint does not allege that he has been denied a timely parole hearing or denied parole, during the relevant time period, as a result of the detainer. Furthermore, appellant's civil complaint contains no factual allegations which would permit the inference that appellant suffered any other compensable harm arising from the presence of the detainer in his inmate records. Accordingly, even if we

---

this section is a misdemeanor of the first degree, except that, if the purpose of a violation of division (B)(3) of this section is to commit or facilitate the commission of a felony, a violation of division (B)(3) of this section is a felony of the fourth degree. A violation of division (B)(4) of this section is a felony of the third degree."

were to conclude appellant's complaint alleges sufficient factual information to support a finding that the federal detainer amounted to a sham legal process and that appellee knew the detainer was a sham when it displayed the detainer on his inmate records, appellant's complaint fails to state a claim for relief under R.C. 2921.52. The language of the statute does not support appellant's claim that damages are presumed whenever a statutory violation occurs.

{¶ 17} For the foregoing reasons, we hold the Court of Claims did not err when it dismissed appellant's R.C. 2921.52 claim, pursuant to Civ.R. 12(B)(6), for failure to state a claim on which relief can be granted. Appellant's second assignment of error is overruled.

### B. Appellant's First Assignment of Error

{¶ 18} In appellant's first assignment of error, appellant argues the Court of Claims erred by failing to take judicial notice of all documents filed in *Evans I* and *Evans II*. In denying the request, the Court of Claims stated that it "cannot take judicial notice of court proceedings in other cases or of prior proceedings before this court when considering a Civ.R. 12(B)(6) motion." (Apr. 8, 2019 Entry of Dismissal at 2.) In support of its ruling, the Court of Claims cited this court's decision in *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 26. We agree with the Court of Claims.

{¶ 19} In *Charles*, this court made the following relevant observations regarding a trial court's authority to take judicial notice of certain facts:

> Judicial notice concerns a court's acceptance, for purpose of convenience and without requiring a party's proof, of a well-known and indisputable fact. A trial court may take judicial notice of appropriate matters in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. However, a trial court cannot take judicial notice of court proceedings in another case. Similarly, a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved. A trial court may only take judicial notice of prior proceedings in the immediate case. The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court.

(Internal citations and quotations omitted.) *Id.* at ¶ 26.

{¶ 20} Applying the above cited legal rules, *Charles* held the trial court erred when it relied on a Civ.R. 41(A)(1)(a) notice of dismissal appellant had filed in a prior case in making the determination that appellant's complaint was timely filed under the savings statute. *Id.* at ¶ 28. In so holding, we noted the notice of voluntary dismissal filed by appellant in a prior case was not part of the record in the instant case and could not be considered by the Court of Claims in ruling on appellee's Civ.R. 12(B)(6) motion to dismiss. *Id.* at ¶ 30. We also noted the Court of Claims, on giving proper notice to the parties, "had the option to convert appellee's Civ.R. 12(B)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment to consider material outside the complaint." *Id.*, citing *Powell v. Vorys, Sater, Seymour & Pease*, 131 Ohio App.3d 681, 684 (10th Dist.1998); Civ.R. 12(B).

{¶ 21} Here, appellant asked the Court of Claims to take judicial notice of all filings in *Evans I* and *Evans II*. Even if we were to conclude appellee's Civ.R. 12(B)(6) motion admitted that *Evans I* and *Evans II* involved the same parties and same subject matter as the instant matter, the Court of Claims was nevertheless precluded from taking judicial notice of the information contained in the documents filed in those prior cases. *Charles* at ¶ 26. Because the filings in *Evans I* and *Evans II* were not attached as exhibits to appellant's complaint and were not otherwise made part of the record in this case, those filings were not properly before the Court of Claims in ruling on appellee's motion to dismiss. *Charles* at ¶ 30. This court would therefore be unable to review the propriety of the Court of Claims' reliance on such prior proceedings in any appeal from the Court of Claims' judgment. *Id.* at ¶ 28. *See also Dombelek v. Admr., Ohio Bur. of Workers' Comp.*, 154 Ohio App.3d 338, 2003-Ohio-5151, ¶ 26 (7th Dist.).

{¶ 22} Moreover, appellant's argument in support of his first assignment of error is that the information contained in the documents filed in *Evans I* and *Evans II* supports his allegation that the detainer was a sham legal process. Having determined, however, that appellant's complaint was subject to dismissal even if such an allegation were accepted as true, appellant has not established prejudicial error arising from the denial of his request for judicial notice.

{¶ 23} For the foregoing reasons, we hold the Court of Claims did not err when it refused to take judicial notice of documents filed in *Evans I* and *Evans II*. Accordingly, appellant's first assignment of error is overruled.

## V.  CONCLUSION

{¶ 24} Having overruled appellant's two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

_____