[Cite as *Karr v. Estate of Sayre*, 2026-Ohio-1462.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
LICKING COUNTY, OHIO

| | |
|---|---|
| RYAN KARR, | Case No. 2025 CA 00080 |
| Plaintiff - Appellant | Opinion And Judgment Entry |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 2025 CV 00997 |
| DIANNA SAYRE ESTATE, et al., | Judgment: Affirmed |
| Defendants - Appellees | Date of Judgment Entry: April 22, 2026 |

**BEFORE:** William B Hoffman; Craig R. Baldwin; Robert G. Mongtomery, Judges

**APPEARANCES:** RYAN KARR, Pro Se, for Plaintiff-Appellant; C. DANIEL HAYES, for Defendants-Appellees.

*Baldwin, J.*

{¶1}   Appellant Ryan Karr appeals the decision of the trial court granting the appellees' motion to dismiss the appellant's complaint for failure to state a claim upon which relief can be granted. For the reasons that follow, we affirm the trial court's decision.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   On June 23, 2025, the appellant filed a pro se Complaint naming the Dianna Sayre Estate and Joseph Aaron Sayre as defendants.[1] The Complaint alleged that the Sayres "committed" the "3rd degree felony" of perjury against the appellant when "[t]hey

---

[1] Joseph Aaron Sayre is the Administrator of the Dianna Sayre Estate; he is a party herein both in his capacity as Administrator of the Estate and individually.

requested a CPO be placed on [the appellant]" "in order to fulfill their selfish desire in keeping [the appellant] from attending the funeral of [the appellant's] mother-in-law." The appellant alleged that the appellees "used lies to persuade the Honorable Judge to put" the CPO "in place." The appellant's Complaint alleges further that the CPO was granted, and as a result "hundreds of people as well as family where [sic] told false things and [the appellant] was not able to attend the occasion with [his] spouse/family." He alleges further that "lies are still being spread against the [appellant] to this day from the [appellees] or those associated with. [sic]" The appellant alleged that the appellees falsely claimed he was "medically retarded," that the appellees "showed disregard for proper marriage boundaries," and pushed "their agenda throughout the marriage." The appellant alleged further that the appellees made several false statements regarding the appellant. The appellant alleged that the appellees had "for years … taken advantage of [the appellant] who has a disability by their bullying and trying to take, at times or gain information on him to enable their false stories." The appellant claimed that the appellees' alleged behavior was "abuse of one who has a disability" in "violation of ORC 5123.62," was "intentional infliction of emotional distress ORC 2305.09(C)(D)," and constituted "hate crimes toward [the appellant] causing serious physical harm" and a "toxic strain" on the appellant's relationships. The Complaint continues with similar stream of consciousness "allegations" for over nine pages.

{¶3} While the appellant uses terms such as "perjury" and "false statements," "abuse of a disabled person," "intentional infliction of emotional distress," "intimidation," and "malicious prosecution/persecution," his Complaint does not set forth counts or causes of action containing allegations as to each element of the purported offenses allegedly committed by the appellees. Nor does the Complaint provide any dates on which

the appellees' alleged conduct occurred, and as a result the issue of whether the Complaint was filed within the applicable statutes of limitation cannot be ascertained. The appellant sought damages in an amount "no less than $2,500,00.00 plus costs."

{¶4} On July 18, 2025, the appellees filed a Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement. The trial court scheduled a non-oral hearing on the Motion for August 28, 2025. On August 27, 2025, the appellant filed a "motion in opposition toward Defendants motion to Dismiss or definite statement." The appellant did not provide more definite statements regarding his claims, but rather, cited to R.C. 2921.11 regarding perjury; to R.C. 5123.62 regarding the appellant's self-identification "as belonging to an elite group of individuals whom [sic] have a disability;" to R.C. 2305.09 regarding fraud; and, made a general reference to "R.C. 2901." The appellant argued further in his motion in opposition that his Complaint was "well founded"; that details would "be reserved for trial"; that the Motion to Dismiss or for More Definite Statement was submitted by "one who desires to control matters" and was "just an attempt to gain more insight on [the appellant's] evidence"; that counsel for the appellees was "no doubt attempting to leverage the Licking County Court system and the friendships within to garnish favor for their client and to gain extra time in finding a defense for the actions of the [appellees]"; and, that the appellees' Motion to Dismiss was an "improper use of the Court Motion for dismissal."

{¶5} On September 30, 2025, the trial court issued an Order Granting Defendants' Motion to Dismiss. The trial court referenced Civ.R. 12(B)(6) and the standards associated therewith, found that the appellant's Complaint failed to set forth clear and concise claims against the appellees, found that the Complaint failed to satisfy the requirements of Civ.R. 8(A), and dismissed the appellant's Complaint.

{¶6} The appellant filed a timely appeal in which he sets forth the following three assignments of error:

{¶7} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT RULED TO DISMISS APPELLANT'S CLAIMS."

{¶8} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AT THE ENTRY [SIC] MADE BY HONORABLE JUDGE W. DAVID BRANSTOOL IN GIVING THE DEFENDANTS [SIC] MOTION TO DISMISS BY COUNSEL HAYES LAW CONSIDERATION AS THERE WAS NO SUPPORTING EVIDENCE OR SPECIFIC REFERENCE TO ANYTHING PROPER AS TO THEIR BELIEF OF THEIR THEORIES FOR DISMISSAL."

{¶9} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AT THE ENTRY MADE BY HONORABLE JUDGE W. DAVID BRANSTOOL ON SEP. 30 2025 [SIC]. THE COURT CASES USED AS REFERENCE IN THE DEFENDANTS [SIC] MOTION AND JUDGEMENT [SIC] ENTRY ARE NOT PROPER AS THEY ARE NOT IN SAME [SIC] FORM AS THIS CIVIL CASE. NEITHER DO THE CIV.R. 12, 8 [SIC] HAVE ANY SUPPORT IN THEIR APPLICATION. THE USAGE OF THEM WAS A MISREPRESENTATION. THE CASE JUDGE BRANSTOOL USED TO SUPPORT THE JUDGEMENT [SIC] ENTRY *HUGHES V. NATIONWIDE MUT. FIRE INS. CO. 2015-OHIO-5119* FAILED TO HAVE ANY SUCCESS AS IT WAS FOUND TO BE PROPER BY THE HIGHER COURT. YET DUE TO PERCEIVED BIAS, PREJUDICE, AND PARTIALIITY TOWARDS THE DEFENDANT AND HAYES LAW COUNSEL, JUDGE BRANSTOOL REJECTED THE CLEAR AND CONCISE ORC WRITTEN **IN KARR VS. SAYRE COMPLAINT CASE 25 CV 0997 BUT NOT LIMITED TO** [SIC]. BIAS ASSUMPTIONS OF FALSE MISLEADING INFORMATION GAVE WAY TO

UNLAWWFUL DISMISSAL, EX. "*IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF COULD PROVE NO SET OF FACTS WARRANTING THE REQUESTED RELIEF.*" (25CV0097, 9/30/2025), "*DEFENDANTS ARE ENTILTED* [SIC] *TO JUDGEMENT* [SIC] *AS A MATTER OF LAW*" (25CV0097, 9/30/2025). IT IS A MERE HOPE, OPINION, SUGGESTION-DECEPTION OF THE DEFENDANT, TRIAL COURT WITHOUT ANY CREDIBILITY/VALIDATION/DUE PROCESS GIVEN. THE DISMISSAL OF THIS CASE IS AN ACT THAT DEPRIVES THE PLAINTIFF OF JUSTICE FOR THE ILLEGAL ACTIONS TAKEN BY DEFENDANT(S) TOWARDS PLAINTIFF (VIOLATION OF ORC 2921.32.)." [2]

## STANDARD OF REVIEW

{¶10} This Court addressed the standard of review in cases involving motions to dismiss in *L.E. Lowry Limited Partnership v. R&R JV LLC*, 2022-Ohio-3109, (5th Dist.):

Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

---

[2] R.C. 2921.32 prohibits the obstruction of justice, an issue that does not appear to arise in the trial court proceedings herein.

A trial court should dismiss a complaint for failure to state a claim on which relief can be granted pursuant to Civ.R. 12(B)(6) only when it appears:

> "beyond doubt * * * that the [plaintiff] can prove no set of facts warranting relief." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281. The court may look only to the complaint itself, and no evidence or allegation outside the complaint, when ruling on a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 680 N.E.2d 985. Nevertheless, the court may consider material incorporated in the complaint as part of the complaint. *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 707 N.E.2d 931."

*Wolff v. Dunning Motor Sales*, 5th Dist. Guernsey No. 20CA000011, 2021-Ohio-740, 2021 WL 942858, ¶¶ 31-32."

*Id.* at ¶¶ 12-14. The court in *Bethel Oil and Gas, LLC v. Redbird Development, LLC,* 2024-Ohio-5285 (7th Dist.) stated further:

> "Thus, to survive a motion to dismiss for failure to state a claim upon which relief can be granted, a pleader is ordinarily not required to allege in the complaint every fact he or she intends to prove ..." *State ex rel. Hanson*, 65 Ohio St.3d at 549, 605 N.E.2d 378, citing *York*, 60 Ohio St.3d at 144–145, 573 N.E.2d 1063; *see York*, 60 Ohio St.3d at 146, 573 N.E.2d 1063 (Moyer, J., concurring) (stating that complaint need not contain more than "brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule"); *City of Willoughby Hills v. Cincinnati Ins. Co.*, 9

Ohio St.3d 177, 180, 459 N.E.2d 555 (1984) ("No longer must a complaint set forth specific factual allegations."); *see also* Civ.R. 8(E) (averments contained in a pleading "shall be simple, concise, and direct"). A complaint must, however, " 'contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.' " *Schlenker Ents., L.P. v. Reese*, 2010-Ohio-5308, 2010 WL 4323662, ¶29 (3d Dist.), quoting *Fancher v. Fancher*, 8 Ohio App.3d 79, 83, 455 N.E.2d 1344 (1st Dist. 1982). "Consequently, 'as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Beretta*, 2002-Ohio-2480, 768 N.E.2d 1136, at ¶ 29, quoting *York*, 60 Ohio St.3d at 145, 573 N.E.2d 1063.

Moreover, a plaintiff is "not required to plead the legal theory" of the case at the pleading stage. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 526, 639 N.E.2d 771 (1994). Instead, the complaint "need only give reasonable notice of the claim." *State ex rel. Harris v. Toledo*, 74 Ohio St.3d 36, 37, 656 N.E.2d 334 (1995). Furthermore, "a plaintiff is not required to prove his or her case at the pleading stage." *York*, 60 Ohio St.3d at 144-145, 573 N.E.2d 1063. And notably, "Civ.R. 8(A) does not contemplate evidentiary pleading." *Collins v. National City Bank*, 2003-Ohio-6893, 2003 WL 22971874, ¶ 58 (2d Dist.). Indeed, "[v]ery often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession." *York*, 60 Ohio St.3d at 145, 573 N.E.2d 1063; *accord State ex rel. Hanson*, 65 Ohio St.3d at 549,

605 N.E.2d 378 (citing *York* and noting that the facts necessary to prove claims alleged in a complaint "may not be available until after discovery").

Moreover, Civ.R. 8(F) provides that courts should construe the pleadings so as to do substantial justice. The object is not absolute technical conformity with arcane rules of pleading but rather simply to see whether the plaintiffs' wording provides the defendants with notice of the claim and the opportunity to defend it.

*Ogle v. Ohio Power Co.*, 180 Ohio App.3d 44, 2008-Ohio-7042, 903 N.E.2d 1284, ¶ 9 (4th Dist.) (concluding "that delving into the nuances of absolute versus qualified nuisance should be reserved for discovery and summary judgment").

The foregoing "simplified notice-pleading standard relies on liberal discovery rules and summary-judgment motions to define disputed facts and to dispose of nonmeritorious claims." *Id*. at ¶ 5 (4th Dist.); McCormac at 222, § 10.01 ("discovery, rather than pleadings, is used to clarify and narrow the issues"). In fact, " '[b]ecause it is so easy for the pleader to satisfy the standard of Civ.R. 8(A), few complaints are subject to dismissal.' " *Ogle*, 2008-Ohio-7042, 903 N.E.2d 1284, at ¶ 5 (4th Dist.), quoting *Leichtman v. WLW Jacor Communications, Inc.*, 92 Ohio App.3d 232, 234, 634 N.E.2d 697 (1st Dist. 1994). Additionally, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 10, 479 N.E.2d 275 (1985) (citations omitted). Consequently, Civ.R. 12(B)(6) dismissals are "reserved for the rare case that

cannot possibly succeed." *Tri–State Computer Exchange, Inc. v. Burt*, 2003-Ohio-3197, 2003 WL 21414688, ¶ 12 (1st Dist.).

*Id.* at ¶¶41-43. Thus, as we conduct our de novo review of the trial court's September 30, 2025, Order Granting Defendants' Motion to Dismiss we look to the face of the appellant's Complaint and accept the allegations set forth therein as true, with all reasonable inferences drawn in the appellant's favor.

## ANALYSIS

**{¶11}** The appellant's assignments of error are interrelated, and as such we shall address them together.

**{¶12}** The appellant's brief is fashioned much like his Complaint, a stream of consciousness diatribe of perceived grievances against the appellees, their counsel, the trial court judge, and the Licking County legal system. The Argument section of the appellant's brief consists of three pages, beginning with an unrelated hypothetical about "a Doctor of medicine [telling] us we must have surgery to remove an organ," wanting "to see the medical proof that is specific for that finding," and if "the Doctor shows us that a neighbor down the street had the organ removed and that is why they argue for us to have the surgery no doubt we would change doctors." The remainder of the Argument section of the appellant's merit brief contains similar nonsensical rambling. It does not contain actual legal arguments, nor does it contain references to case law or statutes that support his position.

**{¶13}** App.R. 16(A)(7) states that an appellant's merit brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument

may be preceded by a summary." The appellant has failed to comply with App.R. 16(A)(7) in any way. App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶14} This Court, in *Dye v. J.J. Detweiler Enters.*, 2022-Ohio-3250, (5th Dist.) stated:

> Appellants have the burden of demonstrating an error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. United*, 5th Dist. Muskingum No. CT2006-0005, 2007-Ohio-1804, ¶141, quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 Ohio App. LEXIS 397, 1999 WL 61619 (Feb. 9, 1999). *See, also*, App.R. 16(A)(7).

*Id.* at ¶ 68. The *Dye* Court, relying in App.R. 16(A)(7) and App.R. 12(A)(2), found "that Appellants have not presented an argument, but rely only upon the assertion of error, and we thus disregard this assignment of error," and overruled the assignment of error at issue.

{¶15} So, too, has the appellant herein failed to present an argument in support of his position that the trial court erred in granting the appellees' motion to dismiss, instead relying upon mere assertions of error which are unsupported by statutes, civil rules, or case law that applies to the issues in this case. Accordingly, we overrule the appellant's assignments of error numbers one, two, and three.

**{¶16}** Even if we consider the "merits" of the appellant's brief and engage in a de novo review of his Complaint, his arguments nevertheless fail. Civ.R. 8(A) provides:

> **Claims for Relief.** A pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ.R. 10....

The appellant's Complaint, however, is a nine-page stream of consciousness rant without articulable causes of action or references to elements thereof. While Ohio is a "notice pleading" State that does not require a plaintiff to provide details regarding his or her causes of action, a complaint must still, at the very least, contain allegations from which an inference may be drawn that evidence on these material points will be introduced at trial, and must provide defendants with notice of the claims and an opportunity to defend against them. The appellant's Complaint fails to meet these requirements.

**{¶17}** Furthermore, while the appellant references the proceedings in a CPO matter as an underlying basis for his Complaint, courts are generally prohibited from looking to factual allegations or evidence from court proceedings in other cases. As stated by this Court in *Wattley v. Rinaldi*, 2025-Ohio-5538, (5th Dist.):

> In this case, we find the trial court properly declined to take judicial notice of previous [sic] voluntary dismissal date.

When considering a Civ.R. 12(B)(6) motion, a trial court cannot take judicial notice of factual allegations or evidence from court proceedings in another case, absent a few narrow exceptions not at issue here. *State ex rel. Scott v. City of Cleveland*, 112 Ohio St. 3d 324, 2006-Ohio-6573, ¶ 26, 859 N.E.2d 923; *State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 159 Ohio St. 3d 47, 2020-Ohio-354, ¶ 5, 146 N.E.3d 573 (one narrow exception is that "an event that causes a case to be moot may be proved by extrinsic evidence outside the record."); *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 1997- Ohio 169, 680 N.E.2d 985 (1997); *Sweeney v. Pfan*, 2019-Ohio-4605, ¶ 14 (5th Dist.); *Evans v. Ohio Dep't of Rehab. & Corr.*, 2019-Ohio-4871, ¶ 5 (10th Dist.); *Charles v. Conrad*, 2005-Ohio-6106, ¶ 22 (10th Dist.); *NorthPoint Properties v. Petticord*, 2008-Ohio-5996, 179 Ohio App. 3d 342, 901 N.E.2d 869 (8th Dist.), *appeal not accepted*, 121 Ohio St. 3d 1451, 2009-Ohio-1820, 904 N.E.2d 901; *Strother v. City of Columbus*, 2022-Ohio-4097, ¶ 14, 200 N.E.3d 1265 (10th Dist.); *Omobien v. Flinn*, 2021-Ohio-2096, ¶ 13 (9th Dist.); *Kennedy v. Heckard*, 2002-Ohio-6805, ¶ 8 (8th Dist.), *appeal not accepted*, 98 Ohio St. 3d 1540, 2003-Ohio-1946, 786 N.E.2d 902.

This restriction has been applied to situations where the parties were the same in the prior action. *Miller v. Med. Mutual of Ohio*, 2013-Ohio-3179, ¶ 28 (5th Dist.). The rationale for this restriction is that an appellate court cannot review the propriety of a trial court's reliance on prior proceedings because that record is not before the appellate court. *Id*. Further, as this Court has previously stated, "12(b)(6) limits consideration

of matters outside the pleadings to those specifically enumerated in Civil Rule 56. Consideration of evidence taken by judicial notice is not specifically enumerated in Civ.R. 56(C)." *Miller* at ¶ 29; *In re LoDico*, 2005-Ohio-172. ¶ 94 (5th Dist.).

*Id.* at ¶¶33-35. Thus, the appellant cannot simply obliquely refer to the appellees' alleged conduct in the prior CPO matter to provide a basis for his Complaint in this matter.

**{¶18}** The appellant's assignments of error one, two, and three all rely upon mere assertions of error which are unsupported by statutes, civil rules, case law, or the record, and as such fail to comply with the App.R. 16(A)(7). Accordingly, we disregard his assignments of error pursuant to App.R. 12(A)(2) and overrule them.

**{¶19}** Furthermore, even if we consider his assignments of error, the appellant's Complaint fails to contain allegations from which the appellees could ascertain the causes of action asserted against them and prepare a defense thereto; as such, it fails to comply with Civ.R. 8(A). In addition, the appellant sets forth as a basis for his Complaint cryptic references an outside court case which is not part of the record herein. We find that the trial court did not err when it dismissed the appellant's Complaint pursuant to Civ.R. 12(B)(6).

## CONCLUSION

**{¶20}** Based upon the foregoing, the appellant's assignments of error numbers one, two, and three are without merit, and are overruled. The decision of the Licking County Court of Common Pleas is hereby affirmed.

**{¶21}** Costs to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Montgomery, J. concur.